```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF MASSACHUSETTS
```

```
                                    )
UNITED STATES OF AMERICA,           )
                                    )
            v.                      )    CRIMINAL ACTION
                                    )    NO. 04-1671-CBS
JOSUE RODRIGUEZ,                    )
a/k/a "Perro", ET AL                )
            Defendants,             )
                                    )
```

**MEMORANDUM OF PROBABLE CAUSE AND
ORDER ON THE GOVERNMENT'S MOTION FOR DETENTION**
February 27, 2004

**SWARTWOOD, M.J.**

I.  Nature of the Offense and the Government's Motion

On February 23, 2004, a Criminal Complaint was filed, charging Josue Rodriguez, a/k/a "Perro" ("Mr. Rodriguez") and his brother, with conspiracy to possess with intent to distribute cocaine base, in violation of 21 U.S.C. §846 and possession with intent to distribute and distribution of cocaine base, in violation of 21 U.S.C. §841(a)(1).

At Mr. Rodriguez's initial appearance on February 24, 2004, he was advised of his right to a preliminary examination in accordance with Fed. R. Crim. P. 5.1 and the Government moved

for a detention hearing in accordance with 18 U.S.C. §§3142(f)(1)(C)(Mr. Rodriguez is charged with an offense for which a maximum term of imprisonment of ten years or more is prescribed in the "Controlled Substances Act"), (f)(1)(D)(Mr. Rodriguez is charged with a felony and has been convicted of two or more offenses described in paragraphs (A) through (C) of Section 3142(f)(1), or two or more state or local offenses that would have been offenses described in paragraphs (A) through (C) of such section if federal jurisdiction had existed), (f)(2)(A)(risk of flight) and (f)(2)(B)(obstruction of justice).

On February 26, 2004, a consolidated probable cause/detention hearing was held and at that hearing, Jeffrey E. Wood, Jr., Special Agent with the Bureau of Investigation ("F.B.I."), testified on behalf of the Government and was cross-examined by Mr. Rodriguez's counsel.

## II.  Findings of Fact

1. For the past eighteen months, Special Agent Wood has been the co-case agent in a multi-agency investigation targeting the sale of heroin, cocaine and crack cocaine in the Lawrence and Lowell, Massachusetts area.  This investigation has utilized the use of cooperating witnesses ("CWs"), the use of recording and video equipment and surveillance by law enforcement officials.  The individual targets of this investigation are

members of a street gang known as the Latin Kings, which is a national organization with local associated chapters in the Lawrence/Lowell area.  Govt. Ex. 1.

2.   Mr. Rodriguez's brother and co-defendant, Edwin Rodriguez, a/k/a "King Cholo", is a member of the Lawrence Chapter of the Latin Kings.  Mr. Rodriguez is a member of the Immortal Outlaws, another Lawrence-based street gang traditionally aligned with the Latin Kings.  Id.

3.   On December 5, 2003, a CW made arrangements by recorded telephone calls to Mr. Rodriguez's brother to purchase 14 grams of crack cocaine.  Govt. Ex. 2.

4.   The CW was provided an automobile outfitted with a video and voice recorder and Government funds in order to purchase 14 grams of crack cocaine from Mr. Rodriguez and his brother.  Id.

5.   The CW had known Mr. Rodriguez and his brother for several months prior to December 2003.  Id.

6.   After several trips to Mr. Rodriguez's residence at 40 Bennington Street, a sale of approximately 14 grams of crack cocaine was eventually consummated for $550.  This transaction was recorded and videotaped and Mr. Rodriguez's brother is clearly shown and heard during this entire transaction. However, the videotape does not show the face of the person who came out

of Mr. Rodriguez's residence on one occasion to get the money and on a second occasion to get into the back seat of the CW's car to deliver the 14 grams of crack cocaine to the CW.  <u>Govt. Ex. 4 and 4A</u>.

7.   Law enforcement officials surveilling this transaction were too far away to identify the individual who took the money and delivered the crack cocaine.  However, the CW, who had known Mr. Rodriguez for several months, clearly identified him as the individual who took the money and delivered the crack cocaine.  Additionally, during this entire videotaped-recorded transaction, Mr. Rodriguez's brother refers to Mr. Rodriguez by his street name "Perro" and it is clear from this running commentary that "Perro" is the person who took the money and delivered the crack cocaine.  <u>Govt. Ex. 5</u>.

8.   The crack cocaine delivered to the CW on December 5, 2003 was laboratory tested and found to contain a net weight of 13.5 grams of cocaine base ("crack cocaine").  <u>Govt. Ex. 3</u>.

### III.  <u>Probable Cause</u>

Mr. Rodriguez's counsel argues that there is no credible evidence that Mr. Rodriguez was the person who took the money and delivered the crack cocaine to the CW on December 5, 2003 since surveilling law enforcement agents were not able to identify Mr. Rodriguez as that person and the videotape does not

show that person's face.  However, the CW clearly identified Mr. Rodriguez as the person who took the money and delivered the crack cocaine and Mr. Rodriguez's brother's many references to Mr. Rodriguez's street name as the person who took the money and delivered the crack cocaine are sufficient evidence for a finding that there is probable cause for the offense charged against Mr. Rodriguez in this Complaint.

## IV.  The Bail Reform Act

### A.  Discussion of the Bail Reform Act

Under 18 U.S.C. § 3142 ("The Bail Reform Act" or "the Act"), the judicial officer shall order that, pending trial, the Defendant be (1) released on his own recognizance or upon execution of an unsecured bond; (2) released on a condition or combination of conditions; (3) temporarily detained to permit revocation of conditional release, deportation, or exclusion; or (4) detained. 18 U.S.C. § 3142(a).  Under the Act, the judicial officer may detain a person pending trial only if, after a detention hearing held pursuant to 18 U.S.C. § 3142(f), the judicial officer determines that "no condition or combination of conditions [set forth under 18 U.S.C. § 3142 (b) or (c)] will reasonably assure the appearance of the person as required and the safety of any other person and the community". 18 U.S.C. § 3142(e).  The Supreme Court, in United States v. Salerno, 481

U.S. 739, 747, 107 S.Ct. 2095, 95 L.Ed.2d 697 (1987) has cautioned that "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." Id. at 755, 107 S.Ct. at 2105. For this reason, the Defendant may be detained only if the judicial officer finds by (1) clear and convincing evidence, that the Defendant is a danger to the community, or (2) a preponderance of the evidence, that the Defendant poses a risk of flight. See 18 U.S.C. § 3142 (f); United States v. Jackson, 823 F.2d 4-5 (2d Cir. 1987); United States v. Berrios-Berrios, 791 F.2d 246, 250 (2d Cir. (1986), cert. denied, 479 U.S. 978, 107 S.Ct. 562, 93 L.Ed.2d 568 (1986). See also United States v. Patriarca, 948 F.2d 789, 792-93 (1st Cir. 1991). Furthermore, the judicial officer "may not impose financial condition that results in the pretrial detention of the person". 18 U.S.C. § 3142 (c).

The Bail Reform Act establishes a two step procedure for making the determination that the Defendant should be detained. First, the Government is entitled to move for detention where the Defendant has been charged with one of the offenses enumerated in the statute for which Congress has determined that detention is warranted. See 18 U.S.C. § 3142 (f)(1). The Government may also move for detention, or the judicial officer

6

may on his or her own motion move for detention, where the case involves a serious risk that the Defendant will flee or that the Defendant will obstruct or attempt to obstruct justice. 18 U.S.C. § 3142(f)(2). Second, the judicial officer must determine whether any condition or combination of conditions will adequately ensure the appearance of the Defendant and the safety of the community against any danger posed by the Defendant's pretrial release. See United States v. Friedman, 837 F.2d 48, 49 (2d Cir. 1988).

In meeting its burden on the issue of whether any condition or combination of conditions of release will reasonably assure the appearance of the person as required and the safety of the community, the Government is aided by the statutory presumptions created by 18 U.S.C. 3142(e). Where the offense charged is one of the offenses enumerated in Section 3142(f)(1), Section 3142(e) creates the rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of the community if the judicial officer finds that: (1) the Defendant has been convicted of a federal offense that is described in Section 3142(f) or an offense under state law that would have been an offense described in Section 3142(f)(1) if federal jurisdiction had existed, (2) such offense was committed while the person was on release pending trial for a federal,

7

state or local offense, and (3) a period of not more than five years has elapsed since the date of conviction or release from imprisonment for such offense. Section 3142(e) also creates the rebuttable presumption that no condition or combination of conditions will ensure the safety of the community and the appearance of the Defendant if the judicial officer finds that there is probable cause to believe that the Defendant committed an offense: (1) for which a maximum term of imprisonment of ten years or more is prescribed (a) in the Controlled Substances Act, (b) the Controlled Substances Import and Export Act, or (c) the Maritime Drug Enforcement Act; or (2) under 18 U.S.C. § 924(c). In order to rebut either presumption, the Defendant must produce "some evidence" to the contrary. United States v. Jessup, 752 F.2d 378, 384 (1st Cir. 1985).

In making the determination as to whether "any condition or combination of conditions will reasonably assure the appearance of the [Defendant] as required and the safety of any other person and of the community", the judicial officer is compelled to consider the following factors:

    (1)   the nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;

    (2)   the weight of the evidence against the person;

    (3)    the history and characteristics of the person, including:

        a.    the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

        b.    whether, at the time of the current offense or arrest, he was on probation, on parole, or other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State or local law; and

    (4)    the nature and seriousness of the danger to any other person or the community that would be posed by the person's release . . . .

18 U.S.C. § 3142(g).

V.  Discussion of Whether Detention is Warranted

A.  Mr. Rodriguez's History and Characteristics

Mr. Rodriguez was not interviewed by Pretrial Services and therefore, I have no verified information concerning his background. However, I have been provided with a copy of Mr. Rodriguez's criminal record which is summarized in relevant part as follows:

| Date of Offense | Type of Offense | Disposition |
|---|---|---|
| 7/1/02 | Possession of a Class E controlled substance | 5/22/03 guilty, probation to 5/23/05 |
| 1/27/03 | Possession with intent to distribute Class D controlled substance and manufacturing/cultivating marijuana | 5/22/03 probation to 5/23/05 |
| 9/24/04 | Violation of probation | Default-warrant outstanding |

Additionally, Mr. Rodriguez has a juvenile record which resulted in commitments to the Division of Youth Services for possession with intent to distribute heroin and two counts of assault and battery.

On April 24, 1998, a civil restraining order was issued against Mr. Rodriguez under the Massachusetts Abuse Prevention Statute.

B. <u>Nature of the Offense and Weight of the Evidence</u>

I have previously found probable cause for the offense charged in this Complaint. Although Mr. Rodriguez was not shown on the video tape of the crack cocaine transaction on December 5, 2003, his voice was recorded, he was identified by the CW as the person who took the money and delivered the crack cocaine and he was constantly referred to by his brother using his street name as the person who delivered the crack cocaine. Therefore, I find that the weight of the evidence against Mr. Rodriguez is substantial.

C. <u>Rebuttable Presumption</u>

The United States has moved for detention pursuant to 18 U.S.C. §§ 3142(f)(1)(C), (f)(1)(D), (f)(2)(A) and (f)(2)(B). The Government must prove that there is no condition or combination of conditions that would reasonably assure the safety of any other person or the community if Mr. Rodriguez were released, or the appearance of Mr. Rodriguez as required.

The rebuttable presumption created by 18 U.S.C. § 3142(e) applies in this case, because Mr. Rodriguez is charged with a drug offense for which a maximum penalty of ten years or more is

11

prescribed in the Controlled Substances Act. The Complaint establishes probable cause for the charge against Mr. Rodriguez. Therefore, I find that under 18 U.S.C. §3142(e), there is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of Mr. Rodriguez or the safety of the community if he were released. I find that Mr. Rodriguez has not produced nor proffered any credible evidence on his own behalf to rebut this presumption. Without such evidence, the presumption alone may justify detention. <u>United States v. Alatishe</u>, 768 F.2d 364, 371 (D.C. Cir. 1985); <u>United States v. Vires</u>, 637 F. Supp. 1343, 1351 (W.D.Ky. 1986). Although I have determined that Mr. Rodriguez has failed to rebut the presumption, for the sake of completeness, I will examine the Government's assertion that he poses a danger to the community and a risk of flight.

### D. <u>Burden of Proof</u>

The United States has moved for detention pursuant to 18 U.S.C. §§ 3142(f)(1)(C), (f)(1)(D) and (f)(2)(A). The Government must prove that there is no condition or combination of conditions that would reasonably assure the safety of any other person or the community if Mr. Rodriguez were released, or the appearance of Mr. Rodriguez as required.

The Government's burden of proof is by:

12

1. *Clear and convincing evidence* that Mr. Rodriguez, if released, would pose a serious danger to any person or the community which would include obstruction of justice, or

2. A *preponderance of the evidence* that Mr. Rodriguez, if released, would not appear as required.

E. <u>Whether Mr. Rodriguez Poses A Danger to the Community</u>

First, there was no evidence that Mr. Rodriguez would obstruct justice. Therefore, I decline to detain Mr. Rodriguez on that ground.

Additionally, I am not prepared to detain Mr. Rodriguez on the grounds that he has previously committed two state offenses which would qualify as federal felonies since I will not include any offenses committed by a juvenile for this purpose and the Government did not establish that his convictions for possession of a Class E controlled substance would qualify as federal felonies in this case. Therefore, I am not prepared to detain Mr. Rodriguez on the grounds of 18 U.S.C. §3142(f)(1)(D).

However, considering Mr. Rodriguez's juvenile adjudications for possession of heroin and two separate charges of assault and battery, his adult record for drug offenses, the abuse prevention order which previously issued against him, the seriousness of the offense charged in this Complaint and the

13

fact that Mr. Rodriguez was on probation when this alleged drug transaction occurred are sufficient for me to find by clear and convincing evidence that Mr. Rodriguez poses a danger to the community and that there are no conditions or combination of conditions that will assure the safety of any person or persons in the community if he were released.

    F.    <u>Whether Mr. Rodriguez Poses A Risk Of Flight</u>

Mr. Rodriguez has two outstanding warrants for his arrest in connection with his violation of probation and this fact coupled with the fact that I have no background information concerning Mr. Rodriguez, leads me to conclude, by a preponderance of the evidence, that Mr. Rodriguez poses a risk of flight and that there are no conditions or combination of conditions that I can impose that will assure his appearance in this Court as required.

          VI.    <u>Order of Detention Pending Trial</u>

In accordance with the foregoing memorandum,

IT IS ORDERED:

    1.    That Mr. Rodriguez be committed to the custody of the Attorney General or his designated representative, for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

    2.    That Mr. Rodriguez be afforded a reasonable opportunity for private consultation with counsel; and

    3.    On order of a court of the United States or on request by an attorney for the Government, the person in charge of the corrections facility in which Mr. Rodriguez is detained and confined shall deliver Mr. Rodriguez to an authorized Deputy

United States Marshal for the purpose of any appearance in connection with a court proceeding.

### RIGHT OF APPEAL

THE PERSON OR PERSONS DETAINED BY THIS ORDER MAY FILE A MOTION FOR REVOCATION OR AMENDMENT OF THE ORDER PURSUANT TO 18 U.S.C. § 3145(b).

>  /s/ Charles B. Swartwood
>  CHARLES B. SWARTWOOD, III
>  MAGISTRATE JUDGE